

FILED
AUG - 7 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLIE PATTERSON TAYLOR,

    Petitioner,

v.                               Civil Action No. 3:08cv795

UNITED STATES OF AMERICA, et al.,

    Respondents.

### MEMORANDUM OPINION

The matter is before the Court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Taylor, a Virginia prisoner. The United States has responded and moved to dismiss the petition. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On March 5, 2003, the Court sentenced Taylor to a 100-month term of imprisonment for possession with intent to distribute five grams or more of crack cocaine. The Court ordered that such sentence should run consecutively to any state sentence Taylor was then serving. The Court awarded Taylor credit against his federal sentence for any time spent incarcerated between November 14, 1998 through March 5, 2003, as result of his crime of possession with intent to distribute five grams or more of crack cocaine.

On June 30, 2006, Taylor completed service of his federal sentence and was released to Virginia authorities for service of outstanding state sentences.

On January 14, 2008, Taylor filed a motion under 18 U.S.C. § 3582(c)(2) seeking the benefit of the 2007 Amendments to the U.S. Sentencing Guidelines, pertaining to crack cocaine. On June 18, 2008, the Court denied Taylor's 18 U.S.C. § 3582 motion because, as a state prisoner, he was not eligible for the relief he sought. Taylor appealed. The United States Court of Appeals for the Fourth Circuit affirmed for the reasons stated by this Court.

On November 26, 2008, the Court received the present 28 U.S.C. § 2241 petition from Taylor. In his petition, Taylor contends that because his active federal sentence already had been served by the time the amendments to the Sentencing Guideline were enacted he was denied the benefit of the same. Taylor requests that the Court "grant petitioner relief to which he may be entitled by way of a reduction on the federal portion of consecutive sentence." (Pet. 4.)

## II. ANALYSIS

Taylor contends that under Amendments 706 and 711 to the United States Sentencing Guidelines the Court must reduce his previously served federal sentence. With respect to foregoing Amendments, the Sentencing Guidelines explicitly prohibit reducing the term of imprisonment to "less than the term of imprisonment the defendant has already served." U.S. Sentencing Guideline Manual § 1B1.10(b)(2)(C) (2008). Thus, Taylor is not entitled to the relief he seeks. The motion of the United States to dismiss (Docket

No. 15) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. Because he is not entitled to the relief he seeks, Taylor's motions to expedite (Docket Nos. 12, 23), motion to review his transcripts (Docket No. 10), and motion to grant the petition for a writ of habeas corpus (Docket No. 19) will be DENIED. The action will be DISMISSED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Taylor and counsel for the United States.

An appropriate Order shall issue.

/s/　　　REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 6, 2009