IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CHARLIE PATTERSON TAYLOR,

    Petitioner,

v.                                  Civil Action No. 3:08cv795

UNITED STATES OF AMERICA, et al.,

    Respondents.

## MEMORANDUM OPINION

Taylor, a former United States prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Taylor asserted that under Amendments 706 and 711 to the United States Sentencing Guidelines the Court must reduce his previously served federal sentence. With respect to foregoing Amendments, the Sentencing Guidelines explicitly prohibit reducing the term of imprisonment to "less than the term of imprisonment the defendant has already served." U.S. Sentencing Guideline Manual § 1B1.10(b)(2)(C) (2008). Therefore, by Memorandum Opinion and Order entered on August 7, 2009, the Court denied Taylor's petition and dismissed the action. On August 18, 2009, Taylor mailed a motion to reconsider to the Court.[1]

Because Taylor's motion was mailed within ten (10) days of the final judgment, it shall be considered a motion pursuant to Federal

---

[1] The motion is deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Rule of Civil Procedure 59(e). See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In essence, Taylor seems to argue that relief should be granted "to correct a clear error of law or prevent manifest injustice." Id. at 1081 (citing Weyerhaeuser Corp., 771 F. Supp. at 1419; Atkins, 130 F.R.D. at 626). Taylor contends that "[t]his Court's reliance on U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(c) (2008), in ruling on the instant case, is a misapplication of the law as said statute does not apply where consecutive sentences are concern [sic]." (Motion To Reconsider 1.) Taylor provides no legal authority for the foregoing proposition. Thus, Taylor fails to demonstrate that the Court committed a clear error or law or that modification of the August 7, 2009 decision is necessary to prevent manifest injustice. Taylor's motion to reconsider (Docket No. 27) will be DENIED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Taylor and counsel for the United States.

An appropriate Order shall issue.

                                                 /s/      REP
                                        Robert E. Payne
                                        Senior United States District Judge

Richmond, Virginia
Date: *September 3, 2009*